# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

KIM MARIE STEVENSON,

    Plaintiff,

    v.                                  Case No. 2:14-CV-203-JVB-PRC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

    Defendant.

**OPINION AND ORDER**

Plaintiff Kim Marie Stevenson seeks judicial review of the Defendant Commissioner of Social Security Administration's decision to deny her disability insurance and Social Security Income benefits. She asks this Court to reverse the agency's decision or, alternatively, remand the case to the agency for reconsideration. On January 31, 2014, Administrative Law Judge Angelita Hamilton denied Plaintiff's application for disability benefits. While the ALJ agrees that Plaintiff's left wrist injury constitutes a severe impairment, she found that it does not meet or equal any listing found in the federal regulations. Furthermore, the ALJ found that Plaintiff is able to perform her past relevant work as a teaching aid. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request to review it.

For the reasons discussed below, the Commissioner's decision is AFFIRMED.

**A.    Facts**

Plaintiff claims that she became disabled in February of 2009, at the age of 52, after

fracturing her left wrist in a slip and fall accident. She did not seek timely medical treatment for her injury because of a lack of medical insurance. As a result, her left wrist healed abnormally and her left hand lost strength. Plaintiff submits that she cannot maintain employment due to a number of mental and physical health conditions, including depression, lumbosacral spine, knee pain, and loss of use of her left hand.

From June 26, 2012, to October 23, 2013, Plaintiff underwent a series of medical examinations of her left hand and wrist, left knee, and spine, including x-rays, dynamometer and other strength testing. These examinations, which were conducted by both state and privately retained physicians, produced conflicting results as to the severity of Plaintiff's impairments and are at the heart of Plaintiff's case. The Court addresses other relevant facts in its analysis below.

**B.     Standard of Review**

The Social Security Act authorizes judicial review of final decisions made by the Commissioner. 42 U.S.C. § 405(g). In addition, the Act requires that the Commissioner's findings be sustained if supported by substantial evidence. *Id; Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Therefore, the Commissioner's findings will be reversed only if they are not supported by substantial evidence or if the Commissioner applied an erroneous legal standard. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In issuing an opinion, the ALJ must, at a minimum, state an analysis of the evidence so that a reviewing court can make an accurate decision. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th

Cir. 2002). Although the courts review the entire administrative record, they do not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute their own judgment for that of the Commissioner. *Powers v. Apfel*, 207 F.3d 431, 434–35 (7th Cir. 2000). This does not mean, however, that the Court will simply rubber-stamp the Commissioners' decision without a critical review of the evidence. *Ehrhart v. Sec'y of Health and Human Servs*., 969 F.2d 534, 538 (7th Cir. 1992).

C.     **Disability Standard**

To qualify for disability and Social Security Income benefits a claimant under the age of 55 must establish that she suffers from a disability that prevents her from "engag[ing] in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration provides a five-step sequential process for evaluating whether a claimant is disabled. A successful claimant must show that: (1) she is not presently employed; (2) her impairment is medically severe; (3) her impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) she is not able to perform her past relevant work; and (5) she is unable to perform any other work within the national and local economy. *See* 20 C.F.R. § 416.920.

An affirmative answer leads either to the next step or, at steps three and five, to a finding that the claimant is disabled. *See Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point, other than at step three, stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The claimant bears the burden of proof at every step, but the

fifth, where it shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.    Discussion**

Plaintiff has two arguments: (1) the ALJ improperly evaluated the opinions of Adolphus A. Anekwe, M.D.; and (2) the ALJ erred by not making a complete residual functional capacity finding.

**(1)    *ALJ did not err in assigning weight to treating physician opinions***

Plaintiff argues that the ALJ should have given controlling weight to the opinion of Dr. Anekwe.

Typically, the opinions of a treating physician are afforded controlling weight if they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2). If a treating physician's opinion is not given controlling weight, then the ALJ evaluates the: (1) examining relationship; (2) length of the treatment relationship and frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of the opinion by relevant evidence; (5) consistency of the opinion with the record as a whole; and, if any, (6) physicians specialization. *Id*. at § 404.1527(c)(1)–(6). The ALJ will always give "good reasons" for the weight afforded to a treating source's opinion. *Id.* at § 404.1527(c)(2).

Here, the ALJ gave Dr. Anekwe's November 26, 2012, and October 23, 2013, medical opinions little weight. (R. at 20.) The ALJ found that these opinions are unsupported by the evidence of record; specifically, by Dr. Smejkal's June 2012 examinations and Plaintiff's own testimony regarding her daily activities. (R. at 18–19.)

In his 2012 opinion, Dr. Anekwe found that Plaintiff is "totally incapacitated to work.". (R. at 18.) A year later, he specified that Plaintiff could not sit for more than six hours, stand or walk for more than four hours, or carry more than five pounds. (R. at 18.) On the other hand, Dr. Smejkal's 2012 examinations revealed that Plaintiff's left hand retains moderate strength and that she is able to use her fingers, albeit not repetitively. (R at 18.) Also, Dr. Smejkal found that Plaintiff maintains normal reflexes and coordination in her left arm. (R at 18.) In addition, Plaintiff testified that she is capable of driving, shopping, counting change, preparing meals, and cleaning her home. (R at 19.) Given the disparity between Dr. Anekwe's and Dr. Smejkal's opinions, the ALJ's refusal to afford Dr. Anekwe's opinions controlling weight is reasonable.

Moreover, in both of Dr. Anekwe's opinions he did not proffer any medical evidence to substantiate his findings. Instead, relying on Plaintiff's reported symptoms, Dr. Anekwe identifies severe pain caused by movement and activity as the primary symptom of Plaintiff's inability to work. (R at 18) But, merely writing down a patient's symptoms does not transform them into observable facts. A patient's symptoms must be manifested in some way, either through direct observation or medical tests. *See* 20 C.F.R § 404.1528. Because the ALJ concluded that Dr. Anekwe's medical opinions were unsupported by the evidence of record she was not required to afford it controlling weight.

**(2)** *ALJ did not err in making residual functional capacity finding*

Plaintiff contends that the ALJ erred in determining her residual functional capacity because the ALJ did not make a complete finding.

At step three of the disability standard, the ALJ acknowledges disability if she determines that the claimant's impairment or combination of impairments meets or equals an impairment

5

enumerated in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.920. However, if a listing is not met or equaled, then the ALJ must assess the claimant's residual functional capacity (RFC), which is defined as the most a person can do despite any physical and mental limitations that may affect what can be done in a work setting. 20 C.F.R. § 404.1545. Once established, the ALJ uses the claimant's RFC to determine whether the claimant can perform her past work and, if necessary, whether the claimant can perform other work in the economy. 20 C.F.R. § 416.920.

In this case the ALJ determined that Plaintiff's left wrist fracture and degenerative changes to her left hand constitute severe impairments. (R at 13.) Nevertheless, Plaintiff's impairments did not meet or medically equal the severity of one listed in the federal regulations. (R at 15–16). As required, the ALJ then considered step four of the disability standard, finding that despite Plaintiff's severe and non-severe impairments, she is capable of performing basic work activities, including her past relevant wok as a teaching aid. (R at 20.) Therefore, the ALJ found that Plaintiff was not disabled. To this end, the ALJ considered the following four factors. First, the ALJ considered Plaintiff's own testimony regarding her symptoms, finding her testimony to be not credible. (R at 16–17.) Second, the ALJ considered Plaintiff's testimony in light of the treatment sought and received for her symptoms, concluding that treatment was conservative and unspecialized. (R at 17–18.) Third, the ALJ assessed Plaintiff's ability to perform a considerable number of daily living activities. Fourth, the ALJ evaluated the opinions of Plaintiff's examining physicians, finding them to be at odd with one another. (R 19–21.)

Moreover, Plaintiff does not point to any medical evidence before the ALJ that the ALJ missed that might support her inability to sit, stand, walk, and use her left hand. All the evidence Plaintiff presents are the records of her symptoms, not records of observable facts or diagnostic tests.[1] Yet, symptoms "alone are not enough to establish that there is a physical or mental

6

impairment." 20 C.F.R. § 404.1528(a). After reviewing the record, the Court finds that the ALJ's residual functional capacity finding is supported by substantial evidence.

**E.    Conclusion**

The Court AFFIRMS the Commissioners findings.

SO ORDERED on September 30, 2015(

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN

UNITED STATES DISTRICT JUDGE

---

[1] "Symptoms are your own description of your physical or mental impairment. Your statements alone are not enough to establish that there is a physical or mental impairment." 20 C.F.R. § 404.1528(a).